IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHRISTOPHER MOORE**                                        **PLAINTIFF**

v.                               **CIVIL ACTION NO. 1:23CV158-GHD-RP**

**ASHLEY FURNITURE INDUSTRIES, LLC**                    **DEFENDANT**

**PLAINTIFF'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF HIS MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**COMES NOW,** the Plaintiff, through its undersigned counsel and submits this, its Memorandum in Support of its Motion for Leave to File an Amended Complaint:

I.      **PREMISE**

Plaintiff's Motion for Leave to File an Amended Complaint should be granted pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure. Plaintiff seeks leave to amend to add an FMLA interference claim because Plaintiff has learned in JC "Alex" Jeter's Deposition that Mr. Jeter may not have known about Plaintiff calling in as absent for his shifts due to a health reason until after Plaintiff was terminated. The Plaintiff is not seeking leave to amend in bath faith or for reasons of delay.

II.      **PROCEDURAL HISTORY**

On November 13, 2023, Plaintiff filed suit against Defendant, alleging violations of the Americans with Disabilities Act and Family Medical Leave Act. [Doc. 1]. On December 5, 2024, Defendant Ashley Furniture Industries, LLC filed its Answer and Affirmative Defenses. [Doc. 5]. On January 8, 2024, the Court entered a Case Management Order, establishing July 8, 2024 and July 29, 2024, as the deadlines to

1

complete all discovery and filing dispositive and *Daubert*-type motions, respectively. [Doc. 9].

On May 13, 2024, the Court reset the trial date in this matter for April 28, 2025. [Doc. 20]. On July 8, 2024, Defendant filed an unopposed motion to extend the discovery and dispositive and *Daubert*-type motions deadline and reset the settlement conference. [Doc. 23]. This court granted such motion on July 9, 2024, and extended both the discovery deadline to September 6, 2024 and the dispositive and *Daubert* motion deadline to September 27, 2024. [Doc. 24].

Subsequently, on September 6, 2024, Plaintiff and Defendant filed a joint motion to extend discovery and dispositive motion deadlines. [Doc. 26]. This Court granted such motion on September 9, 2024 and extended both the discovery deadline to October 7, 2024 and the dispositive and *Daubert*-type motion deadline to October 28, 2024. [Doc. 27].

### III. LAW AND DISCUSSION

The deadline to make amendments to the pleading in the court's pretrial scheduling order was February 9, 2024. [Doc. 9 at p. 4]. As such, pursuant to Rule 16 (b)(4) of the Federal Rules of Civil Procedure, the Plaintiff must first show good cause in order to modify the scheduling order before the court will consider the more lenient standard under Rule 15(a). *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (citing 6A Charles Alan Wright et al., Federal Practice and Procedure §1522.1 (2d ed. 1990). Ultimately, to determine good cause under Rule

2

16, the Fifth Circuit considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks omitted).

Once good cause is established, Courts can also consider the more lenient standard under Rule 15 of the Federal Rules of Civil Procedure. *Id.* at 535-36. Rule 15 states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "The rule evinces a bias in favor of amendment and requires that leave be granted 'freely'." *Grimes v. Avis Budget Grp., Inc.*, No. 3:20-CV-0486-M-BH, 2021 WL 2167005, at *4 (N.D. Tex. May 27, 2021) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *see McClure v. Turner*, 481 F. App'x 167, 171 (5th Cir. 2012).

3

First, Plaintiff is able to show that he has good cause in seeking leave to amend his Complaint at this stage in the litigation. This is because Plaintiff is seeking to add a claim for FMLA interference after unearthing new evidence in the deposition of JC "Alex" Jeter, who at the time was the HR Generalist for Defendant. *See Deposition of JC "Alex" Jeter* at p. 8, attached as Exhibit "B." In this deposition, Mr. Jeter was asked about Defendant's attendance policies and disclosed that employees could be reprimanded or terminated for various reasons, including if the employee has unexcused absences that are not protected by law and if the employee has accumulated a certain number of total absences. *Id.* at p. 11-12. Ultimately, Mr. Jeter admitted that he made the ultimate decision to terminate Plaintiff because he was absent from work when scheduled. *Id.* at p. 19-20.

However, when reviewing the absentee points of Plaintiff that were relayed to Plaintiff during discovery, it was unearthed that at certain points prior to Plaintiff's termination that his total number of points were higher than at the time Plaintiff was ultimately terminated, and Jeter confirmed such in his deposition. *Id.* at p. 19-20. Upon further explanation, Jeter then discloses that the company has a progressive discipline intervention and denoted that even if an employee has over 12 points, the Defendant does not automatically terminate employees; rather, they issue a warning and then a subsequent warning prior to termination. *Id.* As such, the Defendant held these same meetings for Plaintiff, though in the deposition, it was revealed that Plaintiff had mentioned to Jeter on the day that he was terminated that he was having trouble attending work due to his stress and anxiety after the death of his children. *Id.* at p. 22-24. Nonetheless, despite the fact that Plaintiff called in and disclosed that he would be

4

absent due to health reasons i.e., his stress and anxiety, it was revealed in Jeter's deposition that no one in Human Resources went into the company system and classified such absences to be contributed to health issues until after Plaintiff was terminated. *Id.* at p. 34-38; 42.

Ultimately, based on the newly discovered evidence based on Mr. Jeter's deposition testimony, it is clear that Defendant never offered Plaintiff the opportunity to correct such absences by applying for FMLA leave, even after occasions in which Plaintiff would call the company attendance line and stated health reasons for his absence and after Plaintiff met with Mr. Jeter. *Id.* at p. 34-38. As such, because Plaintiff's absences were recorded as personal reasons and not attributed to health reasons as cited by Plaintiff when he called in his absences, it is clear that Mr. Jeter was unaware that Plaintiff's absences were contributed to FMLA qualifying health reasons when he was terminated the day after Plaintiff called out. Based on this newly discovered evidence, it is clear that Defendant interfered with Plaintiff's ability to apply for FMLA leave because he was terminated for being absent due to health reasons, but Defendant never tried to assist Plaintiff with applying for FMLA leave, nor did Defendant correctly enter in its system that Plaintiff was absent for FMLA qualifying health reasons. Instead, Plaintiff was terminated for pointing out from these "personal" absences.

Here, it is clear that Plaintiff is able to show that he meets good cause for many reasons. First, Plaintiff has demonstrated that he has not timely moved for leave to amend before now because the deposition of Mr. Jeter reveals information surrounding Plaintiff's termination that was not previously known by Plaintiff i.e., the fact that Plaintiff's absences were not classified as health related until after Plaintiff was

terminated. Because of this, Plaintiff has now discovered that he has a viable claim for FMLA interference because Plaintiff can now demonstrate that Defendant miscalculated or improperly counted Plaintiff's FMLA leave time and further denied Plaintiff FMLA leave to which he was entitled to because of his stress and anxiety and ultimately discouraged Plaintiff from using FMLA leave.

Second, Plaintiff can also show that the amendment is incredibly important. This is because the amendment is to add a claim for an issue in which Plaintiff is entitled to, and it was not revealed that Plaintiff could add such claim with facial plausibility until the deposition of Mr. Jeter. Third, Plaintiff can show that such amendment would not prejudice the Defendant because such amendment would not negatively affect the Defendant's ability to prepare for trial or conduct the case effectively. This is because such motion to amend is being filed before the summary judgment deadline and does not require a need to extend discovery since the additional claim surrounds the same facts as the FMLA retaliation claim. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.,* 110 F.3d 253, 257-58 (5th Cir. 1997) (holding that allowing an amendment to assert new claims after the discovery deadline would prejudice the opposing party because it would require reopening discovery and incur additional costs and delays). Additionally, such amendment would not have any specific negative impacts that would go beyond a mere inconvenience or potentially cause financial harm or waste resources as no further discovery is needed. Furthermore, the addition of such claim does not introduce a new legal theory in its entirety because the claim is under the FMLA and would therefore not require the complete reevaluation of the case.

Lastly, under Rule 16, the Court could grant a continuance on the Summary Judgment deadline in order to help Defendant to overcome any undue prejudice caused by allowing this amendment to the Complaint. Such would be enough to address the amendment disruption because the FMLA interference claim relies on the same facts as Plaintiff's FMLA retaliation claim, and therefore the significant work already completed during discovery and trial prep would not need to undergo a significant change in order to address the Defendant's trial strategy or legal theories. Moreover, similar to the conclusion held in *Rosenzweig v. Azurix Corp.,* 332 F.3d 854 (5th Cir. 2003), a continuance could be a reasonable solution to cure any potential prejudice because the trial date is not imminent, and additional time could allow the opposing party to conduct any further necessary discovery and adjust their defense.

Furthermore, pursuant to Rule 15, the granting of this Motion will not cause any undue delay as the information surrounding Plaintiff's FMLA interference claim was not known by Plaintiff until Mr. Jeter's deposition on October 3, 2024. Because such information was not known or could not have been reasonably discovered by Plaintiff until such deposition, such Motion to Amend is not unduly delayed. Additionally, Plaintiff is not seeking to amend such claims for any strategic reason, as such information included in its Motion to Amend was not brought to light until the deposition held on October 3, 2024. Here, the discovery related to Plaintiff's FMLA retaliation claim and the Defendant employer's actions surrounding such claim has already been investigated, and the addition of such FMLA interference claim would not need any further discovery to be fully examined since the claims rely on the same facts. Furthermore, this is Plaintiff's first request to amend its complaint, as such, there have been no repeated

7

failures to cure deficiencies by previously allowed amendments. *See Grimes,* No. 3:20-CV-0486-M-BH, 2021 WL 2167005, at *4 (stating that one factor a court may consider in deciding whether to grant leave to amend is whether there has been "repeated failures to cure deficiencies by amendments previously allowed.") Indeed, as stated above, Plaintiff believes that its proposed amendment would allow Plaintiff to recover on all viable claims central to the facts and issues of this case.

Moreover, Plaintiff's request for leave to amend is not for delay, harassment, or in bad faith. Instead, Plaintiff's request for leave is an effort to allow Plaintiff to pursue claims for all events that transpired while employed with Defendant and to also streamline litigation. Additionally, granting such amendment will not prejudice Defendant, as Plaintiff is seeking to amend shortly after the discovery deadline and before the Summary Judgment deadline based on newly discovered information from Plaintiff's perspective, and such information was already known by Defendant and therefore such should not be a surprise to Defendant. Here, since the amendment is based on newly discovered evidence and involves facts that are already known to the parties and further does not introduce any new legal theories, the Defendant will ultimately not be prejudiced. *See Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

Lastly, adding an FMLA interference claim at this stage of litigation in a case that already involves an FMLA retaliation would not cross the boundaries presented in Rule 15 of the Federal Rules of Civil Procedure. This is because the interference claim is closely related to the retaliation claim and therefore the addition of such claim is similar to the facts and legal issues that have been already developed in discovery. In fact, it is

8

clear here that the FMLA interference claim arises from the same facts as the existing FMLA retaliation claim because the investigation into Plaintiff's retaliation claims during discovery revealed that Plaintiff could also pursue a FMLA interference claim with facial plausibility. Because the facts surrounding the interference claim are similar to that of the retaliation claim, there is little potential for prejudice because Defendant has already investigated many of the facts related to Plaintiff's use of FMLA leave. For all of these reasons, Plaintiff's Motion for Leave should be granted.

### IV.     CONCLUSION

Plaintiff's Motion for Leave to File its Amended Complaint should be granted under Rules 15 and 16 of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court grant its Motion for Leave to File its Amended Complaint.

**RESPECTFULLY SUBMITTED,** this the 22nd day of October, 2024.

        Respectfully submitted,

        /s/ Jane A. Watson
        JANE A. WATSON, MSB No. 106877
        Attorney for Plaintiff

Of Counsel:

WATSON & NORRIS, PLLC

1501 Jackson Ave. W. STE 113 PMB 101

Oxford, Mississippi 38655

Telephone: (601) 968-0000

Facsimile: (601) 968-0010

Email: jane@watsonnorris.com

Email: louis@watsonnorris.com

Email: nick@watsonnorris.com

**CERTIFICATE OF SERVICE**

    I, Jane A. Watson, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, to all counsel of record.

THIS, the 22nd day of October, 2024.

                                                      /s/ Jane A. Watson
                                                      JANE A. WATSON