**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

CHRISTOPHER MOORE                                                        PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:23-CV-158-GHD-RP

ASHLEY FURNITURE INDUSTRIES, LLC                                       DEFENDANT

**DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S MEMORANDUM IN
SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

Defendant Ashley Furniture Industries, LLC ("AFI") respectfully submits the

following memorandum in support of its Response in opposition to Plaintiff's Motion for

Leave to File an Amended Complaint:

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff has moved the Court, more than eight months after the deadline to amend

pleadings and after the close of discovery, for leave to amend his Complaint to assert an

interference claim under the Family and Medical Leave Act ("FMLA"). Plaintiff claims he

learned only recently of a basis for such a claim.  Specifically, he claims to have learned

in a deposition in October that the individual who made the decision to terminate his

employment for poor attendance was unaware at the time he made the decision that

Plaintiff had called AFI and reported on an automated hotline that an absence that led to

his termination was for "health reasons."  But the viability of an FMLA claim does not turn

on the decisionmaker's knowledge. Plaintiff proffered the reasons for his absences and

was well aware of what he told AFI.  *See* Doc. 31 at p. 5.  Plaintiff could have made an

interference claim from the outset.  He did not learn recently that there is a basis for an

interference claim (in fact, there is not)—he learned there is no basis for his existing

retaliation claim.[1]  Plaintiff seeks to pivot to an interference claim as a result.  However, his deadline to do so has passed.  There is no good explanation for Plaintiff's failure to assert that claim earlier and no basis on which to extend the deadline now.  Regardless, the proposed amendment will be futile because Plaintiff never requested leave under the FMLA.  For these reasons and as fully set forth below, Plaintiff's Motion should be denied.

## II.  LAW AND ANALYSIS

"A schedule[ing] order may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  To show good cause to extend a deadline that has since passed, a party seeking the extension must demonstrate "the deadline[] c[ould not] reasonable be met despite the diligence of the party needing the extension." *SW Enters., L.L.C., NA*, 315 F.3d at 535 (quoting source omitted).  Courts generally examine four factors to determine whether good cause exists for purposes of extending the deadline to amend pleadings, namely: (1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice. *Id.* (quoting and citing sources omitted) (alterations in original).  Here, all four factors weigh in favor of denying Plaintiff's Motion.

First, Plaintiff's explanation for his failure to timely amend the Complaint is meritless.  As discussed above, Plaintiff was well aware of what he reported through the attendance hotline.  Even assuming he had forgotten, AFI produced documents in discovery as early as February 2024 reflecting the reasons Plaintiff had provided for

---

[1]    Plaintiff's belief that it is "incredibly important" that he be allowed to amend his Complaint, *see* Doc. 31 at p. 6, appears to be driven by his realization that he cannot prevail on his retaliation claim.  That realization, however, is not a viable explanation for his failure to assert an interference claim earlier in this litigation.

Plaintiff's absences, including the attendance point in question, per AFI's attendance point tracking system. *See* Collective Exhibit A. Simply put, Plaintiff could have made an interference claim many months ago and he did not. His motion should be denied for this reason. *See Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 346 (5th Cir. 2002) (quoting *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 193 n.13 (5th Cir. 1985)) ("[W]here . . . the evidence and the issue were [previously] known, amendments may generally be refused"); *Abou-Trabi v. Green Tree Servicing, LLC*, No. 4:14-CV-02109, 2016 WL 626767, at *3 (S.D. Tex. Feb. 17, 2016) (denying leave to amend where the evidence showed the plaintiff knew of the basis for the amendment long before he sought to amend his complaint).

Second, despite Plaintiff's suggestion to the contrary, AFI will be prejudiced unduly if Plaintiff is allowed to amend his Complaint at this point in the litigation. Discovery closed on October 7, 2024. Plaintiff argues additional discovery will not be necessary because "the additional claim surrounds the same facts as the FMLA retaliation claim"[2] and because the "claim does not introduce a new legal theory." *See* Doc. 31. However, FMLA interference claims are separate and distinct from retaliation claims. Neither the elements nor the parties' respective burdens of proof are the same. *See Kendall v. Walgreen Co.*, No. A-12-CV-847-AWA, 2014 WL 1513960, at *5 (W.D. Tex. Apr. 16, 2014) (noting difference between deprivation of FMLA entitlement and "punishment exacted for [P]laintiff's exercise of [his] FMLA right."). Indeed, to prevail on an interference claim, a plaintiff must show (1) he was eligible for leave; (2) his employer was subject to the FMLA; (3) he was entitled to leave; (4) he gave proper notice of intent to take leave;

---

[2]    While this is only partially true, the argument undermines Plaintiff's claim that he could not have asserted an interference claim earlier.

(5) his employer denied him benefits he was entitled to; and (6) the violation caused him prejudice. *See Galloway v. Sanderson Farms, Inc.*, No. 2:19-cv-76, 2020 WL 3697964, at * 2 (S.D. Miss. July 6, 2020); *Villegas v. Albertsons, LLC*, 96 F. Supp. 3d 624, 629 (W.D. Tex. 2015) (citing source omitted). On the other hand, to prevail on a retaliation claim, a plaintiff must establish only that: (1) he engaged in protected activity under the FMLA; (2) he was subject to an adverse employment action; and (3) there is a causal connection between the protected activity and adverse action. *See Amedee v. Shell Che., L.P.*, 953 F.3d 831, 835 (5th Cir. 2020).

If Plaintiff is allowed to amend at this stage, discovery will effectively begin anew, starting with the reopening of Plaintiff's deposition. Specifically, based on the different standards for an interference claim from a retaliation claim, AFI would need to conduct discovery on Plaintiff's intent to take leave (perhaps with respect to each time he claims to have called out for purported health reasons), how AFI denied him benefits as a result of the purported notice, and the purported prejudice Plaintiff suffered as a result. This will unreasonably and unnecessarily (given that the claim could have been brought at the outset) increase the cost of this litigation for AFI. A continuance of the trial setting, which AFI prefers to avoid in any event, cannot cure this negative consequence. As such, Plaintiff's Motion should be denied. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257–58 (5th Cir. 1997) (affirming denial of motion to amend where amendment "would require reopening discovery and [cause] additional costs and delays."); *see also Earlie v. Jacobs*, 745 F.2d 342, 345 (5th Cir. 1984) (denying leave to amend where leave would delay trial).

4

Third, and perhaps most importantly, leave to amend is inappropriate where the proposed amendment will be futile. *See N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). An amendment will be futile if the amended claim will not survive a Rule 12(b)(6) motion to dismiss. *See Marucci Sports, L.L.C.*, 751 F.3d at 378. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a viable FMLA interference claim, Plaintiff must allege facts sufficient to plausibly suggest, among other things, that he properly notified AFI of his intention to take leave. *See Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 526 (5th Cir. 2021). He has not done so. He alleges in the proposed Amended Complaint that (1) Plaintiff went to work on a day he was scheduled to work; (2) Mr. Jeter terminated Plaintiff for having accrued too many absences; (3) Plaintiff mentioned during his meeting with Mr. Jeter the fact that his counselor had spoken with Mr. Jeter; and (4) at the time of Plaintiff's termination, Mr. Jeter did not know the reasons for Plaintiff's absences. *See* Doc. 29-1 at ¶¶ 17–19, 26.

Significantly, Plaintiff has not alleged facts sufficient to plausibly suggest he requested leave or intended to request leave under the FMLA. In fact, Plaintiff has not alleged what he claims to have reported to AFI (if anything) about the reasons for any absence in question. His proposed interference claims is subject to dismissal as a result. *See Galloway*, 2020 WL 3697964, at * 2 (dismissing an interference claim and noting that a plaintiff must give "proper notice of his intention to take FMLA leave" to establish an

5

interference claim); *Conway v. ConnectOne Bank*, No. 21-1141, 2022 WL 1024616, at *3

(3d Cir. 2022) (quoting *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 155 (3d Cir. 2014))

("[A] plaintiff must show, among other things, that he 'gave notice to the defendant of his

. . . intention to take FMLA leave.").

## III.  CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Leave to

File an Amended Complaint.

Respectfully submitted,


*s/ Matthew G. Gallagher*
Matthew G. Gallagher (MS Bar 103159)
LITTLER MENDELSON, P.C.
One Commerce Square
40 South Main Street, Suite 2500
Memphis, TN 38103
Telephone:  901.795.6695
Facsimile:  901.881.4333
Email:       mgallagher@littler.com;

*Counsel for Defendant*
*Ashley Furniture Industries, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of November, 2024, the undersigned filed the

foregoing using the Court's CM/ECF system, which will send notification of such filing to

the appropriate CM/ECF participant(s), as follows:

Louis H. Watson, Jr. (MS Bar No. 9053)
Nick Norris (MS Bar No. 101574)
WATSON & NORRIS, PLLC
4209 Lakeland Drive, Suite 365
Flowood, MS 39232-9212
Telephone:    601.968.9212
Email:           louis@watsonnorris.com

*Counsel for Plaintiff Christopher Moore*

*s/ Matthew G. Gallagher*