IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHRISTOPHER MOORE**                                                      **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:23CV158-GHD-RP**

**ASHLEY FURNITURE INDUSTRIES, LLC**                   **DEFENDANT**

**PLAINTIFF'S MOTION IN SUPPORT OF HIS REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW, the Plaintiff, Christopher Moore, by and through undersigned counsel, and pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, respectfully moves this Court for an Order granting leave to file an Amended Complaint to include a claim for interference under the Family and Medical Leave Act ("FMLA"). In support of this Motion, Plaintiff states as follows:

Plaintiff seeks to amend the Complaint to add an FMLA interference claim based on new and substantial information obtained during the October 3, 2024, deposition of Defendant's HR Generalist, JC "Alex" Jeter. During the deposition, Jeter disclosed that he was unaware of Plaintiff's health-related absences at the time of Plaintiff's termination and that such absences were not properly classified as health-related in Defendant's records until after Plaintiff's termination. The testimony revealed by Jeter supports Plaintiff's assertion that Defendant failed to accurately account for FMLA-qualifying absences, which forms the basis of the proposed FMLA interference claim. Pursuant to Rule 16(b)(4), Plaintiff has demonstrated good cause for seeking this amendment, as the newly discovered evidence could not have been obtained earlier despite diligent efforts. Plaintiff has acted promptly by filing this Motion soon after

learning of the information during Jeter's deposition. The timing aligns with the Court's recent extension of dispositive and Daubert motion deadlines to November 27, 2024, which further underscores the procedural appropriateness of this request.

The proposed amendment is significant to Plaintiff's pursuit of comprehensive relief, ensuring that all violations of his FMLA rights are addressed. The amendment is crucial to fully present the nature of Defendant's conduct and the impact on Plaintiff's employment. Allowing the amendment will not cause undue prejudice to Defendant. The facts underlying the interference claim stem from the same set of facts as the existing claims. The discovery completed thus far sufficiently encompasses the scope needed for the interference claim, minimizing any need for further discovery. The amendment is not futile, as Plaintiff's proposed FMLA interference claim satisfies the elements required under applicable law and would survive a motion to dismiss pursuant to Rule 12(b)(6).

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully requests that the Court grant leave to file the Amended Complaint.

THIS, the 8th day of November, 2024.

Respectfully submitted,
/s Jane A. Watson
JANE A. WATSON (MSB#106877)
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC

1501 Jackson Ave. STE 113 PMB 101

Phone: (601) 968-0000

Facsimile: (601) 968-0010

jane@watsonnorris.com

### **CERTIFICATE OF SERVICE**

I, Jane A. Watson, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on all counsel of record.

THIS, the 8th day of November, 2024.

/s  Jane A. Watson
JANE A. WATSON