**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**CHRISTOPHER MOORE**                                                            **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:23CV158-GHD-RP**

**ASHLEY FURNITURE INDUSTRIES, LLC**                            **DEFENDANT**

**<u>PLAINTIFF'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

      **COMES NOW,** the Plaintiff, by and through its undersigned counsel and submits this Memorandum of Authorities in support of his Reply to Defendant Ashley Furniture Industries, LLC's Response opposing Plaintiff's Motion for Leave to Amend the Complaint, and would show onto the Court the following:

    **I.**     **Introduction**

    Plaintiff seeks leave to amend the Complaint to include a claim for interference under the Family and Medical Leave Act ("FMLA") based on newly discovered evidence from the October 3, 2024, deposition of JC "Alex" Jeter, Defendant's HR Generalist. [Doc. 31]. Defendant contends that Plaintiff's motion fails to show good cause, would result in undue prejudice, and would be futile. [Doc. 37]. However, as outlined below, Plaintiff satisfies the requirements under both Rules 15 and 16 of the Federal Rules of Civil Procedure. The importance of the amendment and the circumstances leading to its necessity underscore why the Court should permit this addition to Plaintiff's Complaint.

    **II.**     **Argument**

        **A.**   **Good Cause Exists for Plaintiff's Motion**

1

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." To meet the "good cause" standard, the party seeking modification must demonstrate that the deadline could not have been met despite diligent efforts. This standard, as established in *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003), emphasizes the need for diligence.

Plaintiff's Motion for Leave to Amend is grounded in the discovery of new and significant information during the deposition of JC "Alex" Jeter on October 3, 2024. [Doc. 31]. Jeter, who served as Defendant's HR Generalist, disclosed that he was unaware of Plaintiff's health-related absences when making the decision to terminate Plaintiff's employment. *Id.* at p. 4. Jeter's testimony further revealed that Plaintiff's reasons for his absences were not classified as health-related in the company's records until after his termination. *Id.* This information was pivotal because it substantiated Plaintiff's claim that Defendant failed to properly account for FMLA-qualifying absences. Plaintiff could not have reasonably anticipated that Jeter's lack of awareness would be so central to his interference claim until this deposition occurred.

Plaintiff's efforts to seek an amendment shortly after learning of this new evidence demonstrate diligence. Plaintiff acted swiftly, filing the motion soon after the deposition, which supports a finding of good cause. The timing of the motion reflects that Plaintiff promptly sought relief upon realizing the impact of Jeter's deposition testimony. Further supporting Plaintiff's claim of diligence, the Court recently extended the dispositive and Daubert motion deadlines to November 27, 2024, in recognition of

2

the procedural timeline and the need to accommodate ongoing developments. [Doc. 33].

Courts have consistently found good cause to amend when new evidence emerges that could not have been obtained earlier with reasonable diligence. For instance, in *Smith v. BCE, Inc.*, 225 F. App'x 212, 217 (5th Cir. 2007), the court held that discovery of significant new information justified modifying the scheduling order to permit amendment. Similarly, *Robinson v. Cheetah Transp., LLC*, 2014 WL 6850445, at *2 (W.D. La. Dec. 3, 2014), emphasized that diligence is demonstrated when a party promptly moves to amend upon the discovery of new evidence.

### B. Importance of the Amendment

The proposed amendment is of substantial importance to Plaintiff's pursuit of comprehensive relief. The amendment seeks to add an FMLA interference claim, which is distinct from the existing FMLA retaliation claim. While the retaliation claim focuses on adverse actions taken by Defendant in response to Plaintiff's exercise of FMLA rights, the interference claim centers on Defendant's failure to properly classify Plaintiff's health-related absences and provide the protections mandated by the FMLA. This addition is critical because it targets Defendant's procedural failures that directly impacted Plaintiff's employment and rights under the FMLA.

Furthermore, the deposition of JC "Alex" Jeter not only supports the newly proposed interference claim but also strengthens the existing FMLA retaliation claim. Jeter's testimony confirmed that he made the ultimate decision to terminate Plaintiff without full knowledge of the health-related reasons behind Plaintiff's absences, despite Plaintiff communicating these reasons. This revelation bolsters the retaliation claim by

highlighting potential retaliatory motives and a lack of proper consideration of Plaintiff's protected activities. The dual relevance of the deposition underscores why the amendment is crucial for ensuring Plaintiff's full opportunity for relief. Including an FMLA interference claim ensures that Plaintiff can address the full extent of Defendant's actions that violated his rights.

Moreover, Courts favor allowing amendments that facilitate a complete and just adjudication of the issues. *Foman v. Davis*, 371 U.S. 178, 182 (1962), underscored that leave to amend should be freely given when justice requires it, a principle reinforced in *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981), where the court noted that denial of leave without a substantial reason is an abuse of discretion.

### C. Lack of Undue Prejudice to Defendant

Defendant's argument that allowing the amendment would cause undue prejudice is overstated and lacks substantive support. [Doc. 37]. The proposed interference claim arises from the same set of facts as the existing FMLA retaliation claim. Defendant has already been apprised of these facts during discovery. The suggestion that additional discovery would be necessary is unsubstantiated, as the interference claim involves evidence and witnesses already disclosed and examined.

Defendant's claim of potential prejudice is also undercut by established precedent. In *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997), the court held that prejudice must be more than mere inconvenience; it must amount to unfair disadvantage. Here, Defendant's ability to respond effectively to the new claim would not be impeded, as the facts remain largely unchanged. Furthermore, the motion was filed before the summary judgment deadline, indicating that there is ample time for

4

Defendant to address any minor adjustments needed to respond. The recent extension of the dispositive motion deadline further mitigates any potential prejudice, allowing Defendant sufficient time to adapt without disruption to the overall schedule.

### D. The Amendment is Not Futile

Defendant's assertion that the amendment would be futile is flawed and unsupported by applicable law. To establish an FMLA interference claim, a plaintiff must demonstrate that (1) they were eligible for FMLA leave, (2) their employer was subject to the FMLA's requirements, (3) they were entitled to leave, (4) they gave proper notice of their intention to take FMLA leave, (5) the employer interfered with, restrained, or denied then the benefits to which they were entitled to under the FMLA, and (6) they were prejudiced thereby. *Rideau v. Lafayette Health Ventures, Inc.,* 381 F. Supp. 3d 709 (W.D. La. 2019). Plaintiff's proposed amendment provides comprehensive allegations meeting these requirements. Specifically, Plaintiff alleges that he called out for health-related reasons, that Jeter failed to recognize these absences as FMLA-protected, and that this oversight directly led to Plaintiff's termination.

The standard for determining futility hinges on whether the proposed amendment would survive a motion to dismiss under Rule 12(b)(6). In *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000), the court affirmed that an amendment is not futile if it presents sufficient facts to state a plausible claim for relief. Plaintiff's allegations satisfy this standard by outlining how Defendant's misclassification and failure to account for health-related absences deprived him of FMLA protections.

Defendant argues that Plaintiff's amendment fails because it does not show proper notice or intent to take leave, but this claim is contrary to established legal

5

standards. [Doc. 37]. Courts have held that notice need not be explicit; a request for leave related to health issues can suffice if it reasonably informs the employer of the need for FMLA leave. See *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 764 (5th Cir. 1995) (finding that an employee's explanation of the need for leave due to illness provided sufficient notice under the FMLA). Plaintiff's amendment, which details his calls and reasons provided for absences, meets this requirement and underscores why Defendant's dismissal arguments are baseless.

### III. Conclusion

Plaintiff has shown good cause for amending the Complaint, as evidenced by newly discovered information from Jeter's deposition. The amendment is crucial for ensuring Plaintiff's ability to seek complete relief, does not unduly prejudice Defendant, and is not futile. The recent extension of the dispositive motion deadline further ensures that Defendant will not face any undue hardship. For these reasons, Plaintiff respectfully requests that the Court grant the Motion for Leave to File an Amended Complaint.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully requests that he be granted leave to file his Amended Complaint.

THIS, the 8th day of November, 2024.

Respectfully submitted,
/s Jane A. Watson
JANE A. WATSON (MSB#106877)
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC

1501 Jackson Ave. STE 113 PMB 101

Phone: (601) 968-0000

Facsimile: (601) 968-0010

jane@watsonnorris.com

## **CERTIFICATE OF SERVICE**

    I, Jane A. Watson, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on all counsel of record.

    THIS, the 8th day of November, 2024.

                                        /s  Jane A. Watson
                                        JANE A. WATSON