IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHRISTOPHER MOORE**                                                      **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 1:23cv158-GHD-RP**

**ASHLEY FURNITURE INDUSTRIES, LLC**                       **DEFENDANT**

<u>**ORDER DENYING MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**</u>

This matter is before the court on the Plaintiff's Motion for Leave to File an Amended Complaint. ECF 29. The defendant opposes the motion. The court finds the motion is not well taken and should be denied.

The plaintiff Christopher Moore brought this action against the defendant Ashley Furniture Industries, LLC seeking the recovery of damages for alleged retaliation under the Family Medical Leave Act, and for alleged disability discrimination and retaliation under the Americans with Disabilities Act. The deadline established in the case management order for motions to amend the pleadings passed on February 9, 2024. On October 22, 2024, over two weeks after the close of discovery, the plaintiff filed the present motion for leave to amend his complaint to add a claim of FMLA interference. In opposition, the defendant argues the motion should be denied as untimely. The court agrees.

Untimely motions to amend the pleadings are governed by Federal Rule of Civil Procedure 16(b), which requires a showing of "good cause" to modify the scheduling order. *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, LLC,* 315 F.3d at 535 (quoting

1

6A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1522.1 (2d ed. 1990)). Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave. *Id.* at 536. In exercising its discretion whether to modify the scheduling order, the court will consider the following factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id*.

"Courts generally view the factors holistically, but particularly egregious errors by a party seeking to amend her pleading may be dispositive." *Arrendondo v. SunLife Power LLC,* No. EP-22-CV-00299-DCG, 2023 WL 4939393, at *2 (W.D. Tex. Aug. 2, 2023) (citing *EEOC v. Service Temps Inc.,* 679 F.3d 323, 334 (5th Cir. 2012) (finding it squarely within district court's discretion to find that plaintiff's failure to account for delay in moving to amend is dispositive and outweighs other three factors for assessing good cause)). A party's failure to meet the threshold showing that he could not reasonably meet the deadline despite his diligence is sufficient reason to affirm the denial of a motion to amend without engaging in the remainder of the four-factor analysis. *Banks v. Spence,* 114 F.4th 369, 371 (5th Cir. 2024) (citing *Olivarez v. T-Mobile USA, Inc.,* 997 F.3d 595, 602 (5th Cir. 2021) and *Marable v. Department of Commerce,* 837 F. App'x 836, 838 (5th Cir. 2021) (per curiam)).

In explanation of his delay in seeking to add an FMLA interference claim to his complaint, the plaintiff states that he first learned of facts supporting such a claim during a deposition on October 3, 2024, wherein he learned that the defendant's HR generalist JC "Alex" Jeter, who made the ultimate decision to terminate the plaintiff's employment for excessive absences, was unaware that the plaintiff had reported absences to the company's attendance line for health reasons because those absences

2

were recorded as personal reasons in the company system and were not classified as health reasons until after the plaintiff was terminated. The plaintiff states that this new information regarding Jeter's ignorance of the reported reasons for the plaintiff's absences supports a claim that the defendant interfered with his ability to apply for FMLA leave. In response, the defendant argues that the plaintiff could have stated a claim for FMLA interference long ago, and that such a claim does not require proof of the decisionmaker's knowledge or lack thereof. The court agrees with the defendant.

To establish a prima facie case of FMLA interference, the plaintiff must show that (1) he was eligible for FMLA leave, (2) the defendant was subject to FMLA, (3) the plaintiff was entitled to leave, (4) he gave proper notice of intent to take leave, and (5) the defendant denied him the benefits he was entitled to. *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). As the defendant points out, the plaintiff has long been aware of the reasons he reported to the attendance hotline for his absences, and in any event the defendant produced documents in discovery as early as February 2024 reflecting those reasons. The fact that those reasons were incorrectly recorded until after the plaintiff's termination – and Jeter's ignorance of that fact when making the termination decision – do not now suddenly give rise to an interference claim where there was none before. While perhaps those facts might go towards explaining *why* the plaintiff did not receive benefits (if in fact he made a proper request and was entitled to benefits), the *reason* for a denial is not necessary to state a claim.

The plaintiff's explanation for his failure to request leave to amend until after Jeter's deposition at the end of discovery is unpersuasive, and the plaintiff has failed to establish that he could not reasonably have met the deadline despite his diligence. The court finds that the plaintiff's failure to meet this threshold showing is dispositive without regard to the other three factors, which are nonetheless considered below.

As to the importance of the proposed amendment, and without addressing the merits of the proposed interference claim, the court assumes that this factor weighs in the plaintiff's favor. "Even so, the importance of the amendment 'cannot singularly override the enforcement of local rules and scheduling orders.'" *Frankl v. Netopia, Inc.,* No. 3:05-CV-1757-B, 2007 WL 9712230, at *3 (N.D. Tex. Sep. 25, 2007) (quoting *Hamburger v. State Farm Mut. Auto Ins. Co.,* 361 F.3d 875, 883 (5th Cir. 2004)).

As to the potential prejudice in allowing the amendment, the discovery deadline has passed and the deadline for dispositive motions is imminent. To allow the plaintiff to add a new claim with different elements of proof at this point would certainly prejudice the defendant.

Lastly, as to the availability of a continuance to cure such prejudice, no continuance has been requested and the court would be disinclined to grant one under the circumstances.

The court concludes that the plaintiff has failed to establish good cause to allow the untimely proposed amendment, and therefore, the Plaintiff's Motion for Leave to File an Amended Complaint is DENIED.

This, the 22nd day of November, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE