**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**CHRISTOPHER MOORE**                                                            **PLAINTIFF**

v.                                     **CIVIL ACTION NO. 1:23CV158-GHD-RP**

**ASHLEY FURNITURE INDUSTRIES, LLC**                         **DEFENDANT**

**PLAINTIFF'S MOTION TO SUBMIT OBJECTIONS PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 72(a)**

    **COMES NOW,** Plaintiff Christopher Moore, by and through undersigned counsel, and respectfully submits this Motion to Object to the Magistrate Judge's Order dated November 22, 2024, denying Plaintiff's Motion for Leave to File an Amended Complaint. Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff requests that this Court review, modify, or set aside the Magistrate Judge's ruling, as it is both clearly erroneous and contrary to law.

    The Magistrate Judge erred in finding that Plaintiff failed to demonstrate good cause under Rule 16(b) to amend the scheduling order. Plaintiff's motion was based on critical evidence newly discovered during the October 3, 2024 deposition of Defendant's HR Generalist, JC "Alex" Jeter. Jeter's testimony revealed that Defendant had misclassified Plaintiff's health-related absences as personal absences in its internal system and that this misclassification persisted until after Plaintiff's termination. Furthermore, Jeter admitted that he, as the decision-maker in Plaintiff's termination, was unaware that the absences were related to health issues. These newly discovered facts provide the foundation for a plausible interference claim under the Family and Medical Leave Act (FMLA) that Plaintiff could not have reasonably asserted earlier.

Additionally, the Magistrate Judge's ruling misapplied Rule 15(a), which mandates that leave to amend should be freely given when justice so requires. Plaintiff acted diligently in filing the motion for leave to amend on October 22, 2024, less than three weeks after the deposition and well before the dispositive motion deadline. The proposed amendment arises from the same set of facts and circumstances as the existing claims, does not require additional discovery, and does not prejudice Defendant. The interference claim is essential to address Defendant's systemic procedural failures, which deprived Plaintiff of his statutory rights under the FMLA and led directly to his termination.

Justice requires that Plaintiff be allowed to amend the complaint to pursue all claims arising from Defendant's misconduct, especially where newly revealed evidence supports such claims. Denying leave to amend unjustly prevents Plaintiff from addressing these significant procedural violations and seeking full relief for the harm caused.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court modify or set aside the Magistrate Judge's Order dated November 22, 2024, and grant Plaintiff's Motion for Leave to File an Amended Complaint to add a claim for interference under the FMLA. Plaintiff further requests such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED,** this the 6th day of December, 2024.

> Respectfully submitted,
>
> /s/ Jane A. Watson
> JANE A. WATSON, MSB No. 106877

Attorney for Plaintiff

Of Counsel:

WATSON & NORRIS, PLLC
1501 Jackson Ave. W. STE 113 PMB 101
Oxford, Mississippi 38655
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: jane@watsonnorris.com

### CERTIFICATE OF SERVICE

    I, Jane A. Watson, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, to all counsel of record.

THIS, the 6th day of December, 2024.

                                                                    /s/ Jane A. Watson
                                                                    JANE A. WATSON