**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

CHRISTOPHER MOORE                                                                 PLAINTIFF

v.                                               CIVIL ACTION NO. 1:23-CV-158-GHD-RP

ASHLEY FURNITURE INDUSTRIES, LLC                         DEFENDANT

**DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO
EXCLUDE EXPERT TESTIMONY OF GINA SMITH, LCSW**

Defendant Ashley Furniture Industries, LLC ("AFI") respectfully submits the following memorandum in support of its Motion to Exclude Expert Testimony of Gina Smith, LCSW, stating as follows:

**I.    INTRODUCTION AND RELEVANT BACKGROUND**

Plaintiff Christopher Moore ("Plaintiff") filed suit alleging retaliation in violation of the Family and Medical Leave Act and retaliation and discrimination in violation of the Americans with Disabilities Act. *See* Doc. 1. Thereafter, the Court entered the Case Management Order, setting the deadline for Plaintiff to identify and disclose his expert information on or before April 8, 2024. *See* Doc. 9. On April 8, 2024, Plaintiff served his expert disclosure, identifying Licensed Clinical Social Worker Gina Smith ("Ms. Smith") as an expert at trial pursuant to Rules 701–703 or 705 of the Federal Rules of Evidence. *See* Plaintiff's Designation of Treating Physician Expert Witness ("Expert Disclosure"), attached to AFI's Motion as **Exhibit A**. To date, Plaintiff has not produced any expert report or other information required to be disclosed under Rule 26(a)(2)(B), and his deadline to do so has long since passed.

Plaintiff's Expert Disclosure reveals Ms. Smith will not testify to any scientific or other expert information. According to Plaintiff, Ms. Smith will testify only to "the treatment of the Plaintiff and the diagnosis of Plaintiff while he was under her care[,] . . . the basis for the prescriptions[,] and cite the reasons for noting the information contained in the medical records." Ex. A. On December 6, 2024, counsel for AFI sought to consult with counsel for Plaintiff concerning opposition, if any, to AFI's Motion, but has not yet received a response.

II. <u>**LAW AND ANALYSIS**</u>

The decision whether to exclude an expert is left to the discretion of the trial court. *Legacy Diesel & Marine, LLC v. Riverside Constr. Co.*, No. 3:20-cv-262-HTW-LGI, 2022 WL 782562, at *2 (S.D. Miss. Mar. 14, 2022) (citing *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 26 (5th Cir. 2020)). When a party identifies an individual as an expert, the trial court must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993). Factors to assist in this determination include, but are not limited to, whether the scientific knowledge proffered can be (and previously has been) tested; whether the expert's theory or opinion has been subject to any peer review; any applicable rates of error in proffered techniques; and whether the opinion has been "generally accepted." *Id.* at 593–94.

AFI does not dispute that Ms. Smith's direct personal knowledge of facts related to her treatment of Plaintiff may be relevant to Plaintiff's claims. To the extent that Plaintiff argues Ms. Smith may testify in some expert capacity about some scientific knowledge related to her diagnosis or treatment of Plaintiff, that capacity and testimony has not been

2

disclosed. *See* Ex. A. Regardless, Plaintiff's Expert Disclosure fails to identify any "scientific, technical, or other specialized knowledge." Instead, Ms. Smith is expected to merely testify to the facts that she provided Plaintiff with treatment for his stress, the medicine prescribed, and authenticate any medical records.[1] Notably, Licensed Clinical Social Workers do not prescribe medication. *See* 30 Code Miss. R. Pt. 1902, R. 1.1 (restricting social work practice to "a non-medical nature").

Regardless, the fact that Plaintiff has failed to identify *any* information concerning Ms. Smith's purported scientific knowledge prevents the Court from being able to determine whether such purported knowledge meets Rule 702's requirements. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial); L.U. Civ. R. 26(a)(2)(B)–(D) (failure to timely provide full disclosure of the expert report results in striking a timely designation, unless the witness is a treating provider and the designation includes "the subject matter on which the witness is expected to present evidence . . . and a summary of the facts and opinions to which the witness is expected to testify"); *Williams v. Daimler Chrysler Corp.*, No. CIV A 4:06CV188-P-S, 2008 WL 4449558, at *5 (N.D. Miss. July 22, 2008), *aff'd sub nom. Williams v. Chrysler LLC*, 310 F. App'x 747 (5th Cir. 2009) (excluding an expert witness for failure to provide "a complete statement of his opinions along with his data, reasoning, and methodology" resulting in an inability to meet the Rule 702 factors).

---

[1] While not before the Court at this time, AFI anticipates it will file a motion in limine at the appropriate time to exclude these medical records pursuant to the Case Management Order and applicable rules because Plaintiff did not produce these medical records. *See* Doc. 9 ("No party will be allowed to list in the final pretrial order any exhibit or witness not disclosed or produced before the discovery deadline as required by the Federal Rules of Civil Procedure and the local rules of this court.").

Accordingly, Ms. Smith should be excluded as an expert in this matter.

### III. CONCLUSION

Based on the foregoing, the Court should enter an order precluding Ms. Smith from testifying as an expert witness.

Respectfully submitted,

*s/ Matthew G. Gallagher*
Matthew G. Gallagher (MS Bar 103159)
LITTLER MENDELSON, P.C.
One Commerce Square
40 South Main Street, Suite 2500
Memphis, TN 38103
Telephone: 901.795.6695
Facsimile: 901.881.4333
Email: mgallagher@littler.com;

*Attorney for Defendant*
*Ashley Furniture Industries, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on the 6th day of December, 2024, the undersigned filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to the appropriate CM/ECF participant(s), as follows:

```
Louis H. Watson, Jr. (MS Bar No. 9053)
Nick Norris (MS Bar No. 101574)
Jane Ashley Watson (MS Bar No. 106877)
WATSON & NORRIS, PLLC
4209 Lakeland Drive, Suite 365
Flowood, MS 39232-9212
Telephone:   601.968.9212
Email:       louis@watsonnorris.com
             nick@watsonnorris.com
             jane@watsonnorris.com
```

*Attorneys for Plaintiff*
*Christopher Moore*

*s/ Matthew G. Gallagher*