**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

CHRISTOPHER MOORE                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 1:23-CV-158-GHD-RP

ASHLEY FURNITURE INDUSTRIES, LLC                              DEFENDANT

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO SUBMIT OBJECTIONS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 72(a)**

Defendant Ashley Furniture Industries, LLC ("AFI") respectfully submits the following memorandum in support of its Response in Opposition to Plaintiff Christopher Moore's ("Plaintiff") Motion to Submit Objections Pursuant to Federal Rule of Civil Procedure 72(a), stating as follows:

**I.        INTRODUCTION AND RELEVANT BACKGROUND**

Plaintiff has moved the Court to modify and/or set aside its November 22, 2024 Order denying Plaintiff's late-filed Motion to Amend his Complaint. *See* Doc. 43. He has failed, however, to establish that any part of that order is clearly erroneous or contrary to law. As such, his Motion should be denied.

**II.       LAW AND ANALYSIS**

"No ruling of a magistrate judge . . . will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law." L.U. Civ. R. 72(a)(1)(B); *see also* Fed. R. Civ. P. 72(a). The movant has the burden of establishing the factual and/or legal bases as to why the order is clearly erroneous or contrary to the law. "If a magistrate judge's account of the evidence is plausible in light

of the record viewed in its entirety, a district judge may not reverse it." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (internal quotations omitted).

As a threshold matter, Plaintiff does not present any specific assignment of error. Instead, he argues only that he discovered "critical evidence" during an October 3, 2024 deposition and that justice requires that he be permitted to amend his complaint. *See* Doc. 43. Plaintiff raised, and the Court considered and rejected, these arguments when Plaintiff moved for leave to amend his Complaint. The Court specifically held that AFI produced multiple documents showing, and Plaintiff had known for some time, the reasons for Plaintiff's absences. *See* Doc. 40. Plaintiff does not explain why this finding is erroneous or contrary to law. As such, Plaintiff cannot establish his burden to modify or set aside the Court's prior order.

In fact, the Court specifically determined in ruling on Plaintiff's motion to amend that Plaintiff did not explain that he could not have met his deadline despite his diligence, that the deadline for discovery had since passed, the dispositive and *Daubert* motion deadline was imminent (at that time), and as a result, AFI would be prejudiced in "add[ing] a new claim with different elements of proof at this point." *Id.* In light of these findings, the Court ultimately determined that Plaintiff could not establish good cause for his failure to move for leave to amend for more than 250 days *after* his deadline to amend pleadings and approximately 8 months *after* AFI produced records showing the reasons for his absences. Therefore, Plaintiff cannot show the Court's order was clearly erroneous or contrary to law because he failed to establish good cause warranted leave to amend.

## III.   **CONCLUSION**

Based on the foregoing, the Court should deny Plaintiff's Motion.

Respectfully submitted,


*s/ Matthew G. Gallagher*

Matthew G. Gallagher (MS Bar 103159)
LITTLER MENDELSON, P.C.
One Commerce Square
40 South Main Street, Suite 2500
Memphis, TN 38103
Telephone:   901.795.6695
Facsimile:    901.881.4333
Email:        mgallagher@littler.com;

*Attorney for Defendant*
*Ashley Furniture Industries, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of December, 2024, the undersigned filed the

foregoing using the Court's CM/ECF system, which will send notification of such filing to

the appropriate CM/ECF participant(s), as follows:

> Louis H. Watson, Jr. (MS Bar No. 9053)
> Nick Norris (MS Bar No. 101574)
> Jane Ashley Watson (MS Bar No. 106877)
> WATSON & NORRIS, PLLC
> 4209 Lakeland Drive, Suite 365
> Flowood, MS 39232-9212
> Telephone:   601.968.9212
> Email:        louis@watsonnorris.com
>               nick@watsonnorris.com
>               jane@watsonnorris.com
>
> *Attorneys for Plaintiff*
> *Christopher Moore*

*s/ Matthew G. Gallagher*