## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

CHRISTOPHER MOORE                                                                                                PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:23-CV-158-GHD-RP

ASHLEY FURNITURE INDUSTRIES, LLC                                 DEFENDANT

**DEFENDANT ASHLEY FURNITURE INDUSTRIES, LLC'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT TESTIMONY OF GINA SMITH, LCSW**

Pursuant to Local Rule 7(b)(4), Defendant Ashley Furniture Industries, LLC ("AFI") respectfully submits this Reply in support of its Motion to Exclude Expert Testimony of Gina Smith, LCSW, stating as follows:

**I.    INTRODUCTION**

AFI moved the Court to preclude Plaintiff Christopher Moore ("Plaintiff") from calling Licensed Clinical Social Worker Gina Smith to provide expert opinion testimony at trial on the ground that Plaintiff failed to properly disclose Ms. Smith as an "expert" competent to testify in that regard. In response to AFI's Motion, Plaintiff argues that he was not required to provide a formal written expert report because Ms. Smith was Plaintiff's treating provider. The issue, however, is not the absence of a written expert report, but instead the lack of any adequate disclosure regarding the substance of the anticipated expert testimony. Even where a formal written expert report is not required, the Federal and Local Rules both require the disclosure of "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii); *see also* L.U. Civ. R. 26(a)(2)(D). Plaintiff's barebones disclosures regarding Ms. Smith are insufficient. As such, the Court should enter an order precluding Ms. Smith from providing opinion testimony.

II.   **LAW AND ANALYSIS**

Plaintiff argues AFI's Motion should be denied because AFI failed to show some "legitimate prejudice or unfair surprise" and excluding Ms. Smith would "unfairly prejudice Plaintiff." *See* Docs. 47–48. AFI, however, is not required to show it has been prejudiced or that precluding Ms. Smith from offering expert testimony would prejudice Plaintiff. Rather, "[t]he party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test." *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002) (citing *Bourjaily v. United States*, 483 U.S. 171 (1987)). Plaintiff has not met that burden.

First, Plaintiff did not identify specific facts and opinions to which he anticipates Ms. Smith will testify as required under Federal Rule of Civil Procedure 26(a)(2)(C)(ii) and Local Uniform Civil Rule 26(a)(2)(D). Instead, he vaguely asserted Ms. Smith would testify to "the treatment of the Plaintiff," "the diagnosis of Plaintiff," and "the basis for the prescriptions" given to Plaintiff.[1] *See* Plaintiff's Designation of Treating Physician Expert Witness at Doc. 45-1. However, he did not identify any specific diagnosis or prognosis, any specific opinion related to or underlying any diagnosis or prognosis, or any specific cause of any condition or symptom diagnosed. Nevertheless, in response to AFI's Motion, Plaintiff claims he complied with Federal Rule of Civil Procedure 26(a)(2)(C) by "describing [Ms. Smith's] role as a treating provider, and outlining the subject matter of her anticipated testimony, including her diagnoses, treatment decisions, and clinical observations." *See* Doc. 48 at PageID 261. These representations strain credulity.

---

[1]   As noted in AFI's opening memorandum, Licensed Clinical Social Workers do not prescribe medication. *See* 30 Code Miss. R. Pt. 1902, R. 1.1 (restricting social work practice to "a non-medical nature").

2

Plaintiff has not provided any description of Ms. Smith's "role as treatment provider," or any specific fact or opinion as to any diagnosis, prognosis, treatment, or cause of any condition.[2]

The disclosure does not comport with the relevant rules, which require that the disclosing party "state opinions, not merely topics of testimony." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-cv-1028-D, 2017 WL 4409797, at *2 (N.D. Tex. Jan. 10, 2017); *Hayward v. Landry*, Nos. 02-297-JJB, 03-154-JJB, 2006 WL 5249691, at *2 (M.D. La. Oct. 30, 2006) (holding that an expert designation that fails to detail the opinions of the expert on a given issue and the facts supporting those opinions will not be permitted); *Peterson v. Ladner*, 785 So.2d 290, 295 (¶ 19) (Miss. Ct. App. 2000) (holding that an expert opinion as to which the designation failed to give fair notice will be excluded); *Avneri v. Hartford Fire Insurance Company*, No. 4:16-cv-00917, 2017 WL 4517955, at *2 (E.D. Tex. Oct. 10, 2017) ("[w]hen a party fails to provide a meaningful 'summary of the facts and opinions' forming the basis of a [non-retained expert's] testimony, the disclosure is insufficient'"); *Cornerstone Pentecostal Church v. Alfa Ins. Corp.*, No. 2:20-cv-189-TBM-MTP, 2021 WL 3729972, at *4–5 (S.D. Miss. Aug. 23, 2021) (striking plaintiff's expert disclosure because it included only the topics on which the expert was expected to testify, not any summary of facts or opinions).

In the context of the sufficiency of the designation, it makes no difference that Ms. Smith's testimony will, as Plaintiff argues, be "based on her firsthand treatment and

---

[2] Although Ms. Smith is supposedly Plaintiff's treating provider, Plaintiff did not address, either through affidavit or otherwise, Ms. Smith's qualifications, such as how long she has practiced and/or been licensed, whether she has treated others for similar conditions or otherwise practices in mental health, or when she began and for how long she has purportedly treated Plaintiff.

professional observations" of Plaintiff. Doc. 48. AFI does not deny Ms. Smith may properly testify as a lay witness to facts concerning her treatment of Plaintiff, including the dates of treatment, communications about that treatment, and/or her own records of that treatment.[3] She may so testify as a lay witness. *Cf. Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993) (describing the difference in expert and lay witness testimony such that an expert witness "is permitted . . . to offer [testimony] that [is] not based on firsthand knowledge or observation."). However, because Plaintiff has not properly disclosed Ms. Smith as an "expert witness," Ms. Smith may not offer expert opinion testimony.

The fact that Ms. Smith's opinion testimony necessarily will be based on firsthand and "professional clinical expertise" also does not make it reliable in the context of Rule 702. Notwithstanding Plaintiff's arguments to the contrary, these conclusory allegations are insufficient—simply being "grounded in firsthand treatment" is not one of the factors to be assessed under *Daubert* to determine reliability. *Daubert*, 509 U.S. at 592–593. The standard is "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Id.* at 592. Factors to consider in this determination include, but are not limited to, whether the

---

[3] Plaintiff's general reference in his disclosure to "the information contained in the medical records" cannot satisfy the requirement that he provide a summary of the opinions Ms. Smith will provide. Treatment records, and/or references thereto, do not constitute an explanation of the basis and reasoning for an expert's opinions. *Campbell v. McMillin*, 83 F.Supp.2d 761, 764-765 (S.D. Miss. 2000). Accordingly, several courts have "rejected the notion that a disclosure solely of medical records is sufficient as a summary of the facts and opinions to which the witness is expected to testify." *Williams v. Louisiana*, No. 14-00154, 2015 WL 5438596, at *3 (M.D. La. Sept. 14, 2015) (listing cases); *George v. Fresenius Med. Care N. Am.*, No. 15-14-RLB, 2016 WL 8261745, at *4 (M.D. La. Aug. 1, 2016) ("It is not the duty of an opposing party to sift through medical records to determine the issues a particular treating physician may testify about if ultimately be called to testify as an expert").

scientific knowledge proffered can be (and previously has been) tested; whether the expert's theory or opinion has been subject to any peer review; any applicable rates of error in proffered techniques; and whether the opinion has been "generally accepted." *Id.* at 593–94. In the absence of information regarding these factors, Plaintiff has not met his burden to allow Ms. Smith to testify as an expert in this matter.

### III. CONCLUSION

Plaintiff has not properly disclosed the facts and opinions as to which Ms. Smith is expected to testify nor has he established, by a preponderance of the evidence, that Ms. Smith may properly testify as an expert under Rule 702. The Court should enter an order precluding Ms. Smith from offering expert opinion testimony.

Respectfully submitted,

*s/ Matthew G. Gallagher*
Matthew G. Gallagher (MS Bar 103159)
LITTLER MENDELSON, P.C.
One Commerce Square
40 South Main Street, Suite 2500
Memphis, TN 38103
Telephone: 901.795.6695
Facsimile: 901.881.4333
Email: mgallagher@littler.com;

*Counsel for Ashley Furniture Industries, LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that on the 26th day of December, 2024, the undersigned filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to the appropriate CM/ECF participant(s), as follows:

Louis H. Watson, Jr. (MS Bar No. 9053)
Nick Norris (MS Bar No. 101574)
Jane Ashley Watson (MS Bar No. 106877)
WATSON & NORRIS, PLLC
4209 Lakeland Drive, Suite 365
Flowood, MS 39232-9212
Telephone:  601.968.9212
Email:  louis@watsonnorris.com
  nick@watsonnorris.com
  jane@watsonnorris.com

*Counsel for Plaintiff Christopher Moore*

  *s/ Matthew G. Gallagher*