IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER MOORE                                                    PLAINTIFF

V.                                                           NO. 1:23-cv-00158-GHD-RP

ASHLEY FURNITURE INDUSTRIES                                          DEFENDANT

ORDER DENYING PLAINTIFF'S OBJECTIONS TO AND
APPEAL OF MAGISTRATE JUDGE'S ORDER

Presently before the Court is the Plaintiff's objections to and appeal [43] of an Order [40] entered by the Magistrate Judge on November 22, 2024, in this matter. The subject order denied the Plaintiff's Motion for Leave to File Second Amended Complaint [29]. The Defendant has filed a response to the Plaintiff's objection [49, 50], and the Plaintiff has filed a reply [52, 53]. The matter is now ripe for review. *See* L. U. Civ. R. 72(a)(1)(A). Upon due consideration and for the following reasons, the Plaintiff's objections are overruled and the Magistrate Judge's Order is affirmed.

*I.     Standard of Review*

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.' " *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly

erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.' " *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

## II. *Analysis and Discussion*

First, the Court finds that the Magistrate Judge's Order clearly and accurately sets forth the facts surrounding the Plaintiff's motion and the reasons the Magistrate Judge found that the Plaintiff failed to establish good cause to allow the proposed untimely amendment. Untimely motions to amend the pleadings are governed by Federal Rule of Civil Procedure 16(b), which requires a showing of "good cause" to modify the scheduling order. *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, LLC*, 315 F.3d at 535 (quoting 2 6A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1522.1 (2d ed. 1990)). Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the court's

2

decision to grant or deny leave. *Id.* at 536. The Court finds the Magistrate Judge correctly followed these standards in holding that the Plaintiff's motion to amend should be denied.

First, the Court notes, as did the Magistrate Judge, that the Plaintiff did not move to file a Second Amended Complaint until over eight months after the deadline to amend had passed. Further, as aptly noted by the Magistrate Judge, the Plaintiff was long aware of the operative facts and a potential claim based on those facts, and he could have sought to amend far earlier during this litigation. Finally, the Court agrees with the Magistrate Judge that "[t]he Plaintiff's explanation for his failure to request leave to amend until [eight months after the deadline and after the close of discovery] is unpersuasive, and the Plaintiff has failed to establish that he could not reasonably have met the deadline despite his diligence."

Accordingly, the Court finds that the Magistrate's ruling is not clearly erroneous or contrary to law, and the Magistrate Judge's Order Denying Motion for Leave to File Second Amended Complaint is therefore affirmed. *See, e.g., BNY Mellon, N.A. v. Affordable Holdings, Inc.,* No. 1:09-CV-00226-SA-JAD, 2010 WL 3717600, at *1–2 (N.D. Miss. Sept. 14, 2010).

In sum, after careful consideration of the parties' arguments, the Magistrate Judge's Order, and all pertinent legal authorities, the Court finds that the Plaintiff's objections are without merit and the Magistrate Judge's Order is supportable by the record and is not clearly erroneous or contrary to law, and the Court therefore affirms that Order.

THEREFORE, it is hereby ORDERED that the Plaintiff's objection [43] and appeal is OVERRULED, and the Magistrate Judge's subject Order [40] is AFFIRMED in its entirety.

THIS, the 13ᵗʰ day of January, 2025.

_____
SENIOR U.S. DISTRICT JUDGE