**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**CHRISTOPHER MOORE**                                                                        **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:23CV158-GHD-RP**

**ASHLEY FURNITURE INDUSTRIES, LLC**                            **DEFENDANT**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S OMNIBUS MOTION *IN LIMINE***

**I.**      **INTRODUCTION**

Plaintiff Christopher Moore ("Plaintiff"), by and through undersigned counsel, respectfully submits this Memorandum in Opposition to Defendant Ashley Furniture Industries, LLC's ("Defendant" or "AFI") Omnibus Motion *in Limine* [Doc. 58]. Defendant seeks to exclude (1) medical treatment evidence not produced during discovery, (2) alleged "me too" evidence, (3) purported race-based conduct referenced in Plaintiff's EEOC charge, and (4) evidence concerning Plaintiff's perfect attendance bonuses. For the reasons set forth below, Defendant's motion should be denied as it seeks to exclude highly relevant and admissible evidence that is critical to Plaintiff's claims under the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA").

**II.**      **ARGUMENT AND AUTHORITIES**

     **A. Plaintiff's Medical Treatment Evidence is Admissible**

Defendant argues that Plaintiff should be precluded from presenting evidence of medical treatment because certain records were not produced. However, this argument is both factually incorrect and legally unsound. First, Defendant itself sent the HIPAA authorization to Plaintiff so that it could obtain the relevant medical records. Defendant

1

was not merely given a HIPAA authorization by Plaintiff—Defendant requested **and sent** the authorization itself to secure Plaintiff's medical records, meaning it had both the knowledge and the means to obtain the evidence it now seeks to exclude. Defendant's assertion that Plaintiff merely provided an authorization without more is therefore demonstrably false and contradicted by the record [Doc. 47-1, Exhibit A].

Second, courts in the Fifth Circuit have consistently held that exclusion of evidence is inappropriate where a party had ample opportunity to obtain discovery and failed to do so. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (holding that exclusion is unwarranted when a party had the ability to obtain the evidence during discovery but failed to act). Here, Defendant was in possession of the means to acquire the medical records and failed to follow through, rendering its attempt to exclude them improper.

Additionally, Ms. Gina Smith, LCSW, is Plaintiff's treating provider and is permitted under Federal Rule of Civil Procedure 26(a)(2)(C) to testify as to her observations and treatment of Plaintiff without an expert report. The Fifth Circuit has ruled that treating providers may testify regarding treatment and diagnosis without an expert designation, as long as their testimony remains within the scope of their treatment. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004).

Furthermore, under the Federal Rules of Evidence ("FRE"), Ms. Smith's testimony is admissible as a treating provider. FRE 701 permits opinion testimony by lay witnesses based on their perception, as long as it is helpful to understanding a fact in issue. Since Ms. Smith directly treated Plaintiff, her testimony regarding his condition and treatment meets this standard. FRE 803(4) further provides an exception to the hearsay rule for

statements made for medical diagnosis or treatment, reinforcing the admissibility of Plaintiff's medical records and Ms. Smith's testimony regarding Plaintiff's symptoms and course of treatment.

Moreover, FRE 402 states that relevant evidence is generally admissible unless specifically prohibited. Ms. Smith's testimony and records are highly relevant to Plaintiff's claims under the FMLA and ADA, as they directly relate to his mental and emotional distress, his need for medical leave, and Defendant's response to his condition. Finally, FRE 403 does not support exclusion because there is no risk of undue prejudice, confusion, or misleading the jury that outweighs the probative value of this evidence.

Thus, Defendant's motion should be denied, and Plaintiff should be allowed to present medical testimony and records that are essential to proving his claims.

### B. "Me Too" Evidence is Relevant and Admissible

Defendant seeks to exclude alleged "me too" evidence, arguing that it is irrelevant and prejudicial. However, the Fifth Circuit has consistently held that evidence of discrimination or retaliation against other employees is relevant to proving an employer's intent, provided that it involves circumstances closely related in time and context to the plaintiff's claims. *See Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 408 (5th Cir. 2016) (noting that prior incidents of discrimination can be relevant to proving discriminatory intent if they involve the same decision-makers and similar circumstances); *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 302–03 (5th Cir. 2000) (holding that "me too" evidence must be sufficiently similar in nature and time to be admissible).

Similarly, in *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008), the Supreme Court ruled that such evidence should be evaluated on a case-by-case basis rather than categorically excluded. Here, testimony from other AFI employees about retaliation or discriminatory actions directly supports Plaintiff's claims of a hostile work environment and retaliatory termination because it reflects similar treatment by the same decision-makers within a relevant time frame.

Moreover, FRE 401 establishes that relevant evidence is admissible if it has any tendency to make a fact of consequence more or less probable. "Me too" evidence fits squarely within this framework because it demonstrates a broader pattern of discriminatory or retaliatory behavior by Defendant, supporting Plaintiff's assertion that his termination was motivated by unlawful reasons. Excluding this evidence would improperly limit the jury's ability to assess Defendant's intent.

Further, FRE 403 does not support exclusion of this evidence. Defendant may argue that "me too" evidence is unfairly prejudicial, but prejudice alone is insufficient for exclusion—the rule applies only if the prejudice substantially outweighs the probative value. Given the direct relevance of this evidence to Plaintiff's claims and Defendant's intent, there is no justification for exclusion. Courts in the Fifth Circuit have repeatedly held that such evidence should not be excluded merely because it is damaging to the defendant. *Smith v. Xerox Corp.*, 602 F.3d 320, 328 (5th Cir. 2010).

Additionally, the Supreme Court in *Mendelsohn* made clear that the admissibility of "me too" evidence depends on the circumstances, including the degree of similarity between the witnesses' experiences and the plaintiff's claims. Here, Plaintiff can show that other AFI employees experienced similar retaliation and discrimination within the

same decision-making structure, making this evidence directly relevant. Attempting to categorically exclude such evidence is legally flawed and serves only to shield Defendant from accountability.

Thus, Defendant's motion to exclude "me too" evidence should be denied, allowing Plaintiff to present this critical evidence to the jury.

### C.  Plaintiff's EEOC Charge and Race-Based Evidence is Probative

Defendant seeks to exclude evidence of alleged race-based conduct referenced in Plaintiff's EEOC charge. However, this evidence is highly relevant, as it provides context to Plaintiff's workplace environment and Defendant's potential discriminatory intent. Courts have recognized that background evidence of discrimination is relevant in employment law cases. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973); *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 400 (5th Cir. 2007).

Additionally, FRE 401 supports admissibility as this evidence has a direct bearing on Plaintiff's claims, demonstrating a pattern of discriminatory behavior. Furthermore, FRE 404(b) permits evidence of prior bad acts when used to establish motive, intent, or knowledge. Here, the race-based conduct in Plaintiff's EEOC charge is not being introduced to prove Defendant's character but rather to establish a discriminatory motive underlying its employment decisions. The Fifth Circuit has held that prior discriminatory actions of an employer are highly relevant when they demonstrate a systemic pattern of bias or hostility. See *Rogers v. Pearland Ind. Sch. Dist.*, 827 F.3d 403, 408 (5th Cir. 2016).

Defendant may argue that this evidence is unfairly prejudicial under FRE 403, but courts routinely reject this argument when the evidence is central to a party's claim.

*Smith v. Xerox Corp.*, 602 F.3d 320, 328 (5th Cir. 2010). The probative value of this evidence substantially outweighs any risk of unfair prejudice, as it is essential for providing a complete picture of Defendant's workplace culture and treatment of employees. Defendant's attempt to exclude this evidence under the guise of preventing prejudice is a thinly veiled effort to prevent the jury from considering the full scope of its misconduct.

Moreover, FRE 406 allows evidence of routine practices to establish how an employer systematically treats employees. Here, Plaintiff's EEOC charge and the referenced race-based conduct are critical to showing that Defendant engaged in discriminatory practices, which is directly relevant to Plaintiff's claims under the ADA and FMLA. Defendant cannot claim this evidence is unrelated when it directly speaks to the discriminatory atmosphere in which Plaintiff was forced to work and the motivations behind his adverse treatment.

The exclusion of this evidence would severely limit Plaintiff's ability to present his case. Courts have long recognized that in employment discrimination cases, context matters. The workplace environment, prior discriminatory acts, and patterns of conduct are all essential in determining whether an employer acted with unlawful intent. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). Defendant's motion is nothing more than an attempt to prevent the jury from seeing the full picture of its discriminatory conduct, and it should be denied in its entirety.

Thus, Plaintiff respectfully requests that the Court deny Defendant's motion and allow the admission of this highly probative evidence.

### D. Evidence of Plaintiff's Perfect Attendance Bonuses is Admissible

Defendant seeks to exclude evidence related to Plaintiff's perfect attendance bonuses, arguing that such evidence is irrelevant and prejudicial. However, Plaintiff's employment record and any benefits he received are directly relevant to his claims of wrongful termination. The Fifth Circuit has recognized that evidence of an employee's work history and performance is admissible in wrongful termination cases. *Patrick v. Ridge*, 394 F.3d 311, 318 (5th Cir. 2004). Defendant's attempt to suppress this information is nothing more than an effort to prevent the jury from seeing clear evidence of Plaintiff's strong attendance record, which contradicts Defendant's purported justification for his termination.

Moreover, Plaintiff has personal knowledge of his attendance bonuses and has testified to receiving them [Doc. No. 58-2, Moore Dep. at 51:20–53:24]. Defendant's argument that no documentary evidence supports these payments goes to the weight, not admissibility, of the testimony. Under FRE 602, a witness may testify based on personal knowledge, and Plaintiff's direct experience with receiving these bonuses satisfies that requirement. Additionally, under FRE 701, Plaintiff's lay opinion about his attendance and bonuses is admissible because it is based on his own perception and is helpful to understanding a key fact in the case.

Defendant may argue that this evidence is unfairly prejudicial under FRE 403, but exclusion is only warranted when the probative value is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time. Here, the evidence is highly probative because it directly rebuts Defendant's claims that Plaintiff had attendance issues warranting termination. The fact that Plaintiff received perfect attendance

7

bonuses undermines Defendant's claim that he was terminated for poor attendance, making it crucial evidence for the jury's consideration.

Furthermore, FRE 406 permits the introduction of evidence related to an organization's routine practices. If AFI provided perfect attendance bonuses as part of its standard policy, this strengthens Plaintiff's argument that he was, in fact, a high-performing employee who adhered to company attendance policies. The jury should be allowed to assess this evidence as part of the overall evaluation of Defendant's credibility and motivations.

Lastly, Defendant's argument that a lack of written documentation should preclude Plaintiff's testimony is legally baseless. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993), makes clear that challenges to the sufficiency of evidence should go to weight, not admissibility. If Defendant wishes to contest Plaintiff's testimony, it can do so through cross-examination and the presentation of contrary evidence—not by attempting to prevent the jury from hearing it altogether.

Thus, Defendant's motion to exclude this evidence should be denied. Plaintiff's receipt of perfect attendance bonuses is relevant, admissible, and central to refuting Defendant's pretextual justification for his termination.

### E. Exclusion of Evidence is an Extreme Remedy

Defendant's attempt to exclude these categories of evidence is legally flawed and inconsistent with well-established Fifth Circuit precedent, which disfavors exclusionary motions *in limine* unless evidence is clearly inadmissible. Courts recognize that excluding evidence is an extreme remedy that should be reserved for situations where the evidence is wholly irrelevant, unreliable, or unduly prejudicial in a way that

substantially outweighs its probative value. See *Luce v. United States*, 469 U.S. 38, 41 (1984); *United States v. Beasley*, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020).

Under FRE 402, relevant evidence is admissible unless a specific rule or law excludes it. Here, Defendant's request for blanket exclusion is an improper attempt to prevent the jury from hearing probative evidence that supports Plaintiff's claims. The proper remedy for any concerns Defendant has regarding this evidence is cross-examination, not wholesale exclusion, as emphasized by the Fifth Circuit in *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009). The jury, not Defendant, should determine the weight of this evidence.

Furthermore, FRE 403 does not support Defendant's motion. The rule allows exclusion only when the risk of unfair prejudice "substantially outweighs" the probative value of the evidence. Defendant fails to meet this high burden. The evidence in question—including Plaintiff's medical treatment, "me too" evidence, EEOC charge, and perfect attendance records—is essential for establishing the elements of Plaintiff's claims and refuting Defendant's pretextual defenses. Courts have consistently ruled that exclusion is inappropriate when evidence is central to a party's claims. See *Smith v. Xerox Corp.*, 602 F.3d 320, 328 (5th Cir. 2010).

Additionally, FRE 104(b) states that issues of conditional relevance—where the relevance of evidence depends on a fact's existence—are for the jury to resolve. Defendant's attempt to exclude broad categories of evidence assumes facts that are contested and seeks to usurp the jury's role in evaluating the credibility and significance of this evidence. This is an impermissible overreach that the Court should reject.

Defendant's motion also contradicts FRE 611(a), which grants courts discretion to control the presentation of evidence in a manner that ensures fairness and efficiency. Wholesale exclusion would unfairly advantage Defendant and deprive Plaintiff of a full and fair opportunity to present his case. Instead, any concerns Defendant has can and should be addressed through the adversarial process, including objections at trial and vigorous cross-examination.

Ultimately, defendant's motion is nothing more than an attempt to sanitize the trial by keeping the jury from hearing the full context of Plaintiff's claims. This tactic should be rejected. The law favors allowing relevant evidence to be presented so that a jury—not a self-interested party—can determine its significance. Defendant's motion should be denied in its entirety.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Omnibus Motion *in Limine* in its entirety and allow the jury to hear all relevant and probative evidence necessary to decide this case. Defendant's sweeping attempt to preclude key evidence is a blatant effort to distort the record and prevent the jury from considering critical facts that directly bear on Plaintiff's claims.

Excluding this evidence would deprive Plaintiff of the ability to fully present his case and would violate fundamental principles of fairness and due process. The evidence in question is not only relevant but essential to demonstrating Defendant's discriminatory intent, retaliatory conduct, and pretextual justifications for termination. The jury has the right to assess this evidence and weigh its significance rather than being shielded from the full factual record.

Courts have long held that motions *in limine* should not be used as an improper vehicle to decide contested factual issues or to prematurely dismiss key aspects of a case. Defendant's motion is a transparent attempt to do just that—sidestepping the adversarial process in an effort to prevent damning evidence from ever reaching the trier of fact.

The proper course of action is to allow the jury to hear all relevant evidence, subject to standard evidentiary objections and cross-examination at trial. To do otherwise would unfairly prejudice Plaintiff and deny him his rightful opportunity to hold Defendant accountable for its unlawful actions.

For these reasons, Plaintiff respectfully requests that this Court deny Defendant's Omnibus Motion *in Limine* in full and permit the introduction of all relevant and admissible evidence at trial.

THIS, the 7th day of March, 2025.

Respectfully submitted,

/s/ Jane A. Watson
JANE A. WATSON, MSB No. 106877
Attorney for Plaintiff

Of Counsel:

WATSON & NORRIS, PLLC
1501 Jackson Ave. W. STE 113 PMB 101
Oxford, Mississippi 38655
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: jane@watsonnorris.com

11

## **CERTIFICATE OF SERVICE**

I, Jane A. Watson, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, to all counsel of record.

THIS, the 7th day of March, 2025.

            /s/ Jane A. Watson
            JANE A. WATSON