UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER MOORE                                                PLAINTIFF

VS.                                                               NO. 1:23CV158

ASHLEY FURNITURE INDUSTRIES, LLC                  DEFENDANT

<u>EXCERPT FROM JURY TRIAL</u>

<u>BEFORE HONORABLE GLEN H. DAVIDSON
UNITED STATES SENIOR JUDGE</u>

Aberdeen, Mississippi
July 28, 2025

<u>APPEARANCES:</u>

For the Plaintiff:   LOUIS H. WATSON, JR., Esquire
                    ROBERT N. NORRIS, Esquire
                    Watson & Norris, PLLC
                    4209 Lakeland Drive, Suite 365
                    Flowood, MS 39232

For the Defendant:  STEVEN R. CUPP, Esquire
                    Fisher & Phillips, LLP
                    2505 14th Street, Suite 300
                    Gulfport, MS 39501

---

PHYLLIS K. McLARTY, RMR, FCRR, CCR #1235
Federal Official Court Reporter
301 West Commerce Street
Aberdeen, MS 39730

1       * * * * *

2       (IN CHAMBERS.)

3       **THE COURT:** What we'll do is we'll seat this jury, and I'll let everybody else go home. And we'll let the eight jurors -- I'll give them some preliminary instructions, but we'll excuse them for lunch -- and I tell you, let's look at our time -- excuse the jury for lunch and have them probably come back at 1:30.

        And then if I could have all of you come back at 1:00 and we'll clear these matters up that are to be addressed. As I understand it, number one is a third claim of the plaintiff, which the Court has addressed in a previous order. And then the next item, as I understand it, has to do with the medical records.

15      **MR. CUPP:** It's the redaction issue with respect to the molestation --

17      **THE COURT:** Right.

18      **MR. CUPP:** -- which is scattered throughout the first 15 pages of the medical record. And I have -- we have both the unredacted version, and then I made an attempt to redact.

21      **THE COURT:** Okay. Can you leave that with me over the noon hour, let me take a look at it?

23      **MR. CUPP:** Yeah.

24      **THE COURT:** And is there any other -- any other thing you need me to -- items you need me to rule on prior to your

1  opening statement?
2  **MR. NORRIS:** I don't believe so.
3  **MR. WATSON:** The admission of the exhibits --
4  **MR. NORRIS:** He's already talked about it.
5  **MR. WATSON:** -- has got to be done.
6  **THE COURT:** Yeah. Before your opening statements,
7  we'll introduce all of those joint exhibits, and I will read
8  them the stipulated facts before you make your opening
9  statement.
10  **MR. CUPP:** Okay.
11  **THE COURT:** And, see, I'll give these preliminary
12  instructions, which y'all have heard.
13  **COURTROOM DEPUTY:** How much time for opening
14  statements?
15  **THE COURT:** How much do you want?
16  **MR. CUPP:** You said -- you said earlier that --
17  unlimited. You did say that.
18  **THE COURT:** All right. How much time do you want?
19  **MR. WATSON:** 20 minutes, Your Honor.
20  **MR. CUPP:** Yeah. 20, 25, Judge, maybe, you know, if I
21  go, you know, extra five or --
22  **THE COURT:** Well, let me give you 20 minutes to the
23  side, and if you want warnings, tell the clerk what kind of
24  warning you want.
25  **MR. CUPP:** Couple-minute warning.

|  |  |
|---|---|
| 1 | **COURTROOM DEPUTY:** Two-minute warning for each? |
| 2 | **MR. WATSON:** Can I get a five-minute warning? |
| 3 | **COURTROOM DEPUTY:** Yes. |
| 4 | **MR. WATSON:** Thank you. |
| 5 | **MR. CUPP:** Might as well make mine five too. |
| 6 | **COURTROOM DEPUTY:** Thank you. Make my life easier. |
| 7 | **MR. CUPP:** That's my goal. |
| 8 | **THE COURT:** Off the record. |
| 9 | (CONFERRING OFF THE RECORD.) |
| 10 | **THE COURT:** We'll be excused -- well, let's see. We |
| 11 | bring the jury back in about five minutes, and we'll seat the |
| 12 | jury and let everybody go to lunch. And I'll make some rulings |
| 13 | quickly when we come back at 1:00. |
| 14 | **MR. NORRIS:** Thank you, sir. |
| 15 | (END OF CHAMBERS SESSION.) |
| 16 | (OPEN COURT.) |
| 17 | **THE COURT:** Now, ladies and gentlemen of the jury and |
| 18 | also the jury panel seated out in the courtroom, it's obvious |
| 19 | now who has been selected as the jury to try this case. You |
| 20 | ladies and gentlemen seated in the courtroom will be excused. |
| 21 | You'll remain on the panel, but just be attentive when you |
| 22 | receive those telephone calls from the clerk of the court, but |
| 23 | you will not be sitting on the jury to try this case. |
| 24 | With the thanks of the Court, you'll be excused, and |
| 25 | your vouchers for your attendance here today will be mailed to |

1 your home.

2 Okay. Ladies and gentlemen in the courtroom are
3 excused. Thank you.

4 (REMAINING MEMBERS OF THE JURY PANEL EXCUSED.)

5 **THE COURT:** Now, you ladies and gentlemen seated in
6 the jury box, I don't know whether to tell you you are most
7 fortunate or most unfortunate, but, in any event, you've been
8 selected as the jury to try this case.

9 If you'll please stand and raise your right hand, I
10 will have the clerk of the court swear you in.

11 (JURY SWORN.)

12 **THE COURT:** Now, ladies and gentlemen, you're going to
13 be excused for lunch. Mr. Bailiff here will show you the jury
14 room.

15 Now, during the trial of this case -- this jury room
16 is situated right off of the courtroom, just right across the
17 hall there, and that will be your headquarters during the trial
18 of this case. That room, I think, is equipped with water,
19 restrooms, snacks, whatnot. And that will be where you will
20 report each time the Court is in recess.

21 It would be improper for you to discuss what you've
22 heard about the case among yourselves or with anyone else. So
23 with the admonition, I'm going to excuse you ladies and
24 gentlemen until 1:30. You may go to lunch, and the clerk, I
25 think, has got some information relative to places to eat here

1  in Aberdeen.  There are not many but -- I see a frown out
2  there, and I agree, but we do the best we can.
3          And with the precaution not to discuss the case among
4  yourselves or with anyone else, you'll be excused to go to the
5  jury room.  And when you come back to the courtroom after
6  lunch, the jury room will be open for you to congregate there.
7          And I believe that's it as far as the jury is
8  concerned.  If you'll show him to the jury room, Mr. Bailiff.
9     (JURY OUT.)
10         **THE COURT:**  Let's see.  Mr. Cupp, y'all need to confer
11 before you tender those records to me?
12         **MR. CUPP:**  Well, that's what I was doing right now,
13 Your Honor.
14         **THE COURT:**  Go ahead and confer.
15         **MR. CUPP:**  I need to give you, though, an unredacted
16 version and a redacted version?
17         **THE COURT:**  Yes.  If you'll leave that with my clerks,
18 please, sir.
19         **MR. CUPP:**  With your clerks, yes, sir.
20         **THE COURT:**  And I'm going to excuse you, ladies and
21 gentlemen, until 1:00.  We'll meet at 1:00, and I will rule on
22 the matters that are outstanding.  And we'll have the jury come
23 in.  I'll give a preliminary instruction, and you will start
24 the trial with your opening statements.
25         Okay.  I'm going to recess and go to chambers and

1 await the delivery of the hospital records.

2    (LUNCH RECESS TAKEN.)

3    (OPEN COURT.)

4    **THE COURT**: Okay. We're on the record. Court is
5 convened after a noon recess. The jury is out of the
6 courtroom.

7    The Court is going to make some preliminary rulings
8 here as to the plaintiff's motion to file a third claim under
9 the Family Medical Leave Act, amended -- to amend the complaint
10 to contain a third claim.

11    The Court affirms the previous ruling that this Court
12 made in -- affirming Judge Percy. Judge Percy's opinion was
13 dated November the 22nd, 2024. The Court affirmed the
14 magistrate judge's opinion in an order denying plaintiff's
15 objections and to an appeal of the magistrate judge's order
16 dated January the 13th of 2025. So a motion to amend the
17 complaint is denied.

18    Now, as to the medical records of the plaintiff, these
19 medical records -- the defendant has examined them and
20 furnished the Court a redacted copy and also a nonredacted
21 copy, I believe, of the first 15 pages of the medical records.

22    The Court notes that the plaintiff is 50 years old.
23 The redacted portion of the records which have been presented
24 to the Court redact child molestation when the plaintiff was
25 approximately five years old and maybe one more recent when he

1 was perhaps seven or eight years old. But, in any event, these
2 were instances that occurred over 40 years ago.
3     The Court, in looking at the submissions to the Court
4 and examining Federal Rule of Evidence 401 and 403, is of the
5 opinion that the instances of child molestation which are over
6 40 years ago -- is of the opinion that the unfair prejudice of
7 this evidence outweighs the probative value of the evidence;
8 and pursuant to Federal Rule of Evidence 403, the redacted
9 portion of the medical records will be received into evidence,
10 the nonredacted will be excluded.
11     That's the ruling of the Court. We'll bring the jury
12 in. I believe I told them 1:30.
13     **MR. NORRIS**: Your Honor, just for the record, may we
14 make a record as to our objection as to that redaction just
15 because of --
16     **THE COURT**: Yes. Certainly. Certainly.
17     **MR. NORRIS**: Just for the record, plaintiff does
18 contend that those records regarding the childhood trauma is
19 relevant. There's going to be plenty of records all through
20 this for stuff that happened to Mr. Moore 40, 50 years ago --
21 or 30, 40 years ago, and all of that is coming in. And there's
22 going to be a lot of allegations with regard to drug abuse,
23 alcohol abuse.
24     And the purpose of us trying to bring that in is to
25 explain what is causing a lot of this drug and alcohol abuse

1  prior to working for Ashley and as well as to differentiate
2  emotional pain and suffering between what happened before
3  Ashley, during Ashley, and after the termination.
4      But just for the record, I just want to make sure
5  that's clear.  Thank you, sir.
6      **THE COURT:**  Very well.
7      Mr. Cupp, do you want to respond to this?
8      **MR. CUPP:**  No, Your Honor.
9      **THE COURT:**  Very well.
10     **MR. NORRIS:**  Your Honor, one other thing.  Our first
11 witness after opening is going to be the therapist.  I assume
12 we probably need to meet with this therapist and tell her that
13 she cannot disclose what has been redacted.
14     **THE COURT:**  Yes.
15     **MR. NORRIS:**  Okay.
16     **THE COURT:**  You'll be given a few minutes.
17     And let's see.  For the record, the Court tenders a
18 redacted portion made a part of the record in this case.
19     (EXHIBIT NO. J-28 ADMITTED INTO EVIDENCE.)
20     **THE COURT:**  Madam Clerk, you mark this for
21 identification.  It may already be marked.
22     (EXHIBIT NO. J-28A MARKED FOR IDENTIFICATION ONLY.)
23                      * * * * *
24
25

# CERTIFICATE

I, Phyllis K. McLarty, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of Mississippi, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing 9 pages are a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Witness my hand, this 8th day of August, 2025.

/s/ Phyllis K. McLarty
PHYLLIS K. McLARTY, RMR, FCRR, CCR #1235
Federal Official Court Reporter