## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**CHRISTOPHER MOORE**                                               **PLAINTIFF**

**V.**                                                      **NO. 1:23-cv-00158-GHD-RP**

**ASHLEY FURNITURE INDUSTRIES**                           **DEFENDANT**

### MEMORANDUM OPINION

Presently before the Court is the Plaintiff's Motion for New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure [83]. Upon due consideration, the Court finds the motion should be denied.

### Factual and Procedural Background

The Plaintiff brought this employment discrimination matter pursuant to the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"), alleging ADA discrimination and retaliation and FMLA retaliation [1]. A jury trial was conducted in this case from July 28, 2025, through July 30, 2025 [74]. The jury returned a verdict in favor of the Defendant and the Court accordingly entered judgment in favor of the Defendant [79, 80]. The Plaintiff has now filed the present motion seeking a new trial [83].

### Standard

Rule 50(b) of the Federal Rules of Civil Procedure provides in pertinent part: "[N]o later than 28 days after the jury was discharged ... the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). Rule 59 of the Federal Rules of Civil Procedure provides in pertinent part

1

that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—
... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at
law in federal court ...." Fed. R. Civ. P. 59(a)(1)(A).

"A district court has discretion to grant a new trial under Rule 59(a) of the Federal Rules
of Civil Procedure when it is necessary to do so 'to prevent an injustice.'" *Jones v. Ruiz*, 478
Fed.Appx 834, 835 (5th Cir. 2012) (per curiam) (quoting *United States v. Flores*, 981 F.2d 231,
237 (5th Cir. 1993)). Although Rule 59(a) does not state any specific appropriate grounds for a
new trial, "[a] new trial may be appropriate if the verdict is against the weight of the evidence, the
amount awarded is excessive, or the trial was unfair or marred by prejudicial error." *Scott v.
Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (internal citation omitted). "Courts do not grant
new trials unless it is reasonably clear that prejudicial error has crept into the record or that
substantial justice has not been done, and the burden of showing harmful error rests on the party
seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). Further, "when a
motion for new trial is based upon errors committed during the trial, the standard requires the
movant to prove that the erroneous rulings complained of substantially prejudiced the movant."
*Morton v. Cooper Tire & Rubber Co.*, No. 1:12-CV-028-SA-DAS, 2014 WL 1056567, at *1 (N.D.
Miss. Mar. 18, 2014).

## Discussion

The Plaintiff's sole argument in support of his motion for a new trial is that the Court
committed error during the trial by redacting notations in the Plaintiff's medical records that
referenced sexual abuse that the Plaintiff allegedly suffered as a child, over 40 years before he
began his employment with the Defendant. The Plaintiff argues that these notations should not
have been redacted because the allegations were necessary for the Plaintiff to demonstrate that he

was disabled under the ADA and that he suffered from a serious health condition under the FMLA. The Plaintiff further argues that the probative value of the statements in the medical records regarding the childhood abuse he suffered outweighed the prejudicial impact of the statements under Rule 403 of the Federal Rules of Evidence. The Court finds that both arguments are without merit.

First, "[to] be entitled to a new trial based on erroneously admitted or excluded evidence, the party seeking a new trial must show the trial court both erred in its decision and that the error adversely influenced the jury's verdict." *Welch v. All Am. Check Cashing, Inc.*, No. 3:13-CV-271-TSL-JCG, 2015 WL 4066495, at *4 (S.D. Miss. July 2, 2015) (citing *Munn v. Algee*, 924 F.2d 568, 571-73 (5th Cir.1991)).

The Court notes that the Defendant did not argue to the jury during the trial that the Plaintiff was not disabled; instead, the Defendant's defense centered around its contention that the Plaintiff's employment was terminated for excessive absenteeism and the Plaintiff did not request a leave of absence until after he was notified that his employment was terminated. As for the subject medical records, the Court found that the notations regarding sexual abuse suffered by the Plaintiff as a child were not relevant to his claims pursuant to Rule 401 of the Federal Rules of Evidence, but that rather than excluding any of the records, those limited notations should be instead redacted pursuant to Rule 403 of the Federal Rules of Evidence. With those redactions, the Plaintiff's social worker testified at length regarding her assessment of the Plaintiff; the redacted medical records, which ran over 200 pages, were admitted into evidence as a Joint Exhibit [Trial Exhibit J-28, Doc. 75-4].

The Court finds the Plaintiff's assertion that evidence of the Plaintiff's childhood sexual abuse would have permitted the Plaintiff to "establish the legal elements of Plaintiff's FMLA and

ADA claims, as they provided the clinical linkage between his childhood sexual trauma and his debilitating medical conditions" is simply without merit. The Defendant did not contest the Plaintiff's assertion that he was disabled; rather, as noted above, it instead argued that the Defendant did not timely submit a request for a leave of absence and his termination was based on excessive absenteeism. The jury heard all the testimony of both parties without a single objection from either party, and neither party objected to the Court's jury instructions regarding the ADA and FMLA or to the verdict form. The Plaintiff cites no persuasive authority in support of his argument that the Court erred by ordering the minimal redactions to his medical records, and in fact much of his cited authority supports the Defendant's position.

Simply put, the Court held during trial and again holds that not redacting the records to exclude references to the Plaintiff's childhood sexual abuse would have violated Rules 401 and 403 of the Federal Rules of Evidence because such evidence was irrelevant in light of the fact the Defendant did not argue to the jury that the Plaintiff was not disabled, and admission of the evidence would have been unduly prejudicial to the Defendant. The Court likewise today rules in the same fashion.

In sum, to be entitled to a new trial based on erroneously admitted or excluded evidence, the party seeking a new trial must show that the trial court both erred in its decision and that the error adversely influenced the jury's verdict. See *Munn v. Algee*, 924 F.2d 568, 571-73 (5th Cir. 1991). Here, the Plaintiff has failed on both counts. The Court shall therefore deny the motion for new trial.

## Conclusion

For all of the foregoing reasons, the Court finds the Plaintiff's Motion for New Trial [83] is DENIED.

4

An order in accordance with this opinion shall issue this day.

THIS, the ⟋⟋8th day of December, 2025.

SENIOR U.S. DISTRICT JUDGE